THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| S.E.I.U. LOCAL No. 1 HEALTH FUND, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 21-CV-04068 |
| ) | |
| THE BUILDING GROUP, INC. ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

Plaintiff, SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL No. 1 HEALTH FUND (the "Fund") by and through their Attorneys, Susan M. Matta and Matthew S. Jarka of Asher, Gittler, & D'Alba, Ltd., complain of Defendant, THE BUILDING GROUP, INC., and state as follows:

1. This action is brought under the provisions of Sections 502(a)(3) and (g)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Secs. 1132(g)(1) and (a)(3).

2. Jurisdiction in this Court is based upon Sections 502(e)(1) and 502(e)(2) of ERISA, 29 U.S.C. Sec. 1132(e)(1) and (e)(2), which states in relevant part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

1

3. The Fund receives contributions from numerous employers pursuant to collective bargaining agreements heretofore entered into between Service Employees International Union Local 1 ("Union"), including Defendant, and the Fund is maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA, other applicable federal law, and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement.")

4. The Fund office is located at 1431 Opus Place, Suite 350, Downers Grove, Illinois 60515, and the Fund is administered in the Northern District of Illinois.

5. As provided in the Trust Agreement, the Fund is required to receive, hold, and manage all monies required to be contributed to the Fund in accordance with the provisions of the then applicable Collective Bargaining Agreement for the uses and purposes set forth in the Trust Agreement.

6. Defendant is an employer engaged in an industry affecting commerce and has an office located at 1221 North LaSalle Street, Chicago, Illinois 60610.

7. Defendant employs or has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the Collective Bargaining Agreement ("CBA.") The CBA's terms require Defendant to be party to other agreements referred to herein, such as the Trust Agreement and Fund Collection Policy.

8. By the Trust Agreement and Fund Collection Policy's terms, to which Defendant is bound, the Fund has the right to conduct randomized audits to determine whether contributions are owed, in accordance with its terms.

9. The Fund, on its behalf, and on behalf of all employees for whose benefit the Fund was established, have requested Defendant to perform its obligations by submitting materials to the Fund's auditors necessary for the performance of the audit, but Defendant has refused and failed to perform as herein alleged.

10. The Fund is without an adequate remedy at law and will suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the Collective Bargaining Agreement, the Trust Agreement, and Collections Policy, and is restrained from continuing to refuse to perform as required.

11. Defendant's failure to pay is a violation of the Collective Bargaining Agreement and the Trust Agreement. The Fund, therefore, seek enforcement of these provisions pursuant to Section 502(g)(2), (a)(3) and 515 of ERISA, 29 U.S.C. Sec. 1132(g)(2), (a)(3), and 1145.

WHEREFORE, the Fund prays:

(a) That judgment be entered in favor of the Fund and against Defendant, and that Defendant be ordered to perform its obligations under the CBA and Trust Agreement, including the submission of required materials to the Fund's auditors as required for the completion of the audit.

(b) That the Fund be awarded its costs, including reasonable attorney's fees and court costs incurred in the prosecution of this action as provided in the Collective Bargaining Agreement and under the applicable provisions of ERISA, as amended.

      (c) For such other and further relief as the Court may determine just and proper.

      Respectfully submitted,

      By: */s/ Susan M. Matta*
          One of Plaintiff's Attorneys

Susan M. Matta, Esq.
Asher, Gittler, & D'Alba, Ltd.
200 West Jackson Blvd., Ste. 720
Chicago, Illinois 60606
(312) 263-1500 – Fax: (312) 263-1520
smm@ulaw.com
IL ARDC #: 6276653

Dated: July 30, 2021